UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROSOFT CORPORATION, | 13 Civ. 8275 (PAC) (MHD) |
| Plaintiff, | |
| v. | |
| ACACIA RESEARCH CORPORATION, | |
| Defendant. | |

# ACACIA RESEARCH CORPORATION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS MICROSOFT CORPORATION'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

## I.  INTRODUCTION

Defendant Acacia Research Corporation ("Acacia") hereby requests that the Court take judicial notice of the documents attached hereto as Exhibits 1 through 48.  This request for judicial notice is made pursuant to Federal Rule of Evidence 201 and the authorities cited below.

## II.  BASIS FOR REQUESTING JUDICIAL NOTICE

The Court may take judicial notice of any "fact that is not subject to reasonable dispute [and] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; see also, e.g., Richman v. Goldman Sachs Grp., Inc., 868 F. Supp. 2d 261, 273 n.3 (Although the "materials were not attached to the Complaint, the Court can take judicial notice of SEC filings.") (citing Finn v. Barney, No. 11-1270-CV, 471 Fed. Appx. 30, 2012 U.S. App. LEXIS 6185, at *1 (2d Cir. Mar. 27, 2012)).  Pursuant to this rule, the

Court may take notice of public documents.  The Court may also take notice of dockets and pleadings filed in other federal courts.  Pelosi v. Spota, 607 F. Supp. 2d 366, 371-72 (E.D.N.Y. 2009).

Separately, at the pleadings stage, the Court may also take notice of "documents attached to the complaint as an exhibit or incorporated in the complaint by reference." Maniolos v. United States, 755 F. Supp. 2d 555, 560 (S.D.N.Y. 2010) (citing ATSI Commc'ns, Inc. v. Shaar Fund., Ltd., 493 F.3d 87, 98 (2d Cir. 2007)).  Further, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citing Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

## III. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE DOCUMENTS REFERENCED IN AND INTEGRAL TO MICROSOFT'S COMPLAINT

In its Complaint, Microsoft relies on the terms in various documents, including: the Contract and the pleadings in the Subsidiary Actions.  The Court may take notice of the Contract because it is attached as an exhibit to Microsoft's Complaint and incorporated by reference therein.  Maniolos, 755 F. Supp. 2d at 560.  Although not attached to the Complaint, the documents in the Subsidiary Actions are integral to Microsoft's claims and Microsoft has possession of or access to each of them.  Accordingly, the Court may consider these documents. Chambers, 282 F.3d at 152-53.  Additionally, the pleadings in the Subsidiary Actions are properly the subject of judicial notice because the Court may take judicial notice of pleadings and other records on other federal court dockets generally.  Id.  Finally, because the Court may also take judicial notice of public filings, the Court may take notice of the SEC filings described

herein.  Richman, 868 F. Supp. 2d at 273 n.3.

In accordance with this authority, Acacia respectfully requests that the Court take judicial notice of the following documents, which are attached as exhibits hereto and identified here by their exhibit numbers:

1. Docket, Cellular Commc'ns Equip. LLC v. Microsoft Corp., No. 6:13-cv-738 (E.D. Tex.).

2. Complaint, Cellular Commc'ns Equip. LLC v. Microsoft Corp., No.6:13-cv-738 (E.D. Tex.) (filed Oct. 1, 2013), Dkt. No. 1.

3. Pl. Cellular Commc'ns Equip. LLC's Opp. to Def. Microsoft Corp.'s Mot., Cellular Commc'ns Equip. LLC v. Microsoft Corp., No. 6:13-cv-738 (E.D. Tex.) (filed Dec. 9, 2013), Dkt. No. 28.

4. Docket, Data Engine Tech. LLC v. Microsoft Corp., No.6:13-cv-735 (E.D. Tex.).

5. Complaint, Data Engine Tech. LLC v. Microsoft Corp., No.6:13-cv-735 (E.D. Tex.) (filed Oct. 1, 2013), Dkt. No. 1.

6. Pl. Data Engine Tech. LLC's Opp. to Def. Microsoft Corp.'s Mot., Data Engine Tech. LLC v. Microsoft Corp., No.6:13-cv-735 (E.D. Tex.) (filed Dec. 9, 2013), Dkt. No. 22.

7. Docket, Innovative Display Tech. LLC v. Microsoft Corp., No.2:13-cv-783 (E.D. Tex.).

8. Complaint, Innovative Display Tech. LLC v. Microsoft Corp., No.2:13-cv-783 (E.D. Tex.) (filed Dec. 9, 2013), Dkt. No. 1.

9. First Amended Complaint, Innovative Display Tech. LLC v. Microsoft Corp., No.2:13-cv-783 (E.D. Tex.) (filed Dec. 9, 2013), Dkt. No. 26.

10. Docket, Intercarrier Commc'ns LLC v. Microsoft Corp., et al., No.1:13-cv-1639 (D. Del.).

11. Complaint, <u>Intercarrier Commc'ns LLC v. Microsoft Corp., et al.</u>, No.1:13-cv-1639 (D. Del.) (filed Oct. 1, 2013), Dkt. No. 1.

12. Pl. Intercarrier Commc'ns LLC's Opp. to Def. Microsoft Corp.'s Mot., <u>Intercarrier Commc'ns LLC v. Microsoft Corp., et al.</u>, No.1:13-cv-1639 (D. Del.) (filed Dec. 9, 2013), Dkt. No. 18.

13. Docket, <u>Optimum Content Protection LLC v. Microsoft Corp.</u>, No.6:13-cv-741 (E.D. Tex.).

14. Complaint, <u>Optimum Content Protection LLC v. Microsoft Corp.</u>, No.6:13-cv-741 (E.D. Tex.) (filed Oct. 1, 2013), Dkt. No. 1.

15. Pl. Optimum Content Protection LLC's Opp. to Def. Microsoft Corp.'s Mot., <u>Optimum Content Protection LLC v. Microsoft Corp.</u>, No. 6:13-cv-741 (E.D. Tex.) (filed Dec. 9, 2013), Dkt. No. 19.

16. Docket, <u>Video Streaming Solutions LLC v. Microsoft Corp.</u>, No.1:13-cv-7031 (N.D. Ill.).

17. Complaint, <u>Video Streaming Solutions LLC v. Microsoft Corp.</u>, No.1:13-cv-7031 (N.D. Ill.) (filed Oct. 1, 2013), Dkt. No. 1.

18. Fist Amended Complaint, <u>Video Streaming Solutions LLC v. Microsoft Corp.</u>, No.1:13-cv-7031 (N.D. Ill.) (filed Nov. 26, 2013), Dkt. No. 32.

19. Second Amended Complaint in <u>Video Streaming Solutions LLC v. Microsoft Corp.</u>, No.1:13-cv-7031 (N.D. Ill.) (filed Dec. 5, 2013), Dkt. No. 38.

20. Docket, <u>Computer Software Protection LLC v. Microsoft Corp.</u>, No.1:13-cv-1638 (D. Del.).

21. Complaint, <u>Computer Software Protection LLC v. Microsoft Corp.</u>, No.1:13-cv-1638 (D. Del.) (filed Oct. 1, 2013), Dkt. No. 1.

4

22. Pl. Computer Software Protection LLC's Opp. to Def. Microsoft Corp.'s Mot., <u>Computer Software Protection LLC v. Microsoft Corp.</u>, No.1:13-cv-1638 (D. Del.) (filed Dec. 9, 2013), Dkt. No. 16.

23. Docket, <u>Computer Software Protection LLC v. Adobe Sys.</u>, No.1:12-cv-451 (D.Del.)

24. Docket, <u>Computer Software Protection LLC v. Autodesk, Inc.</u>, No.1:12-cv-452 (D.Del.)

25. Docket, <u>Computer Software Protection LLC v. Mathworks, Inc.</u>, No.1:12-cv-453 (D.Del.)

26. Docket, <u>Computer Software Protection LLC v. Nuance Commc'ns, Inc.</u>, No.1:12-cv-454 (D.Del.)

27. Docket, <u>Computer Software Protection LLC v. Wolfram Research, Inc.</u>, No.1:12-cv-455 (D.Del.)

28. Docket, <u>Innovative Display Technologies LLC v. Apple, Inc.</u>, No.1:14-cv-30 (E.D. Tex.)

29. Docket, <u>Innovative Display Technologies LLC v. Acer, Inc., et al.</u>, No. 2:13-cv-522 (E.D. Tex.)

30. Docket, <u>Innovative Display Technologies LLC v. Dell, Inc.</u>, No.2:13-cv-523 (E.D. Tex.)

31. Docket, <u>Innovative Display Technologies LLC v. Hewlett-Packard Co.</u>, No.2:13-cv-524 (E.D. Tex.)

32. Docket, <u>Innovative Display Technologies LLC v. Huawei Investment & Holding Co., Ltd.</u>, No.2:13-cv-525 (E.D. Tex.)

33. Docket, <u>Innovative Display Technologies LLC v. BlackBerry Ltd., et al.</u>, No.2:13-cv-526 (E.D. Tex.)

34. Docket, <u>Innovative Display Technologies LLC v. ZTE Corp., et al.</u>, No.2:13-cv-527 (E.D. Tex.)

5

35. Docket, <u>Innovative Display Technologies LLC v. Nokia Corp., et al.</u>, No.2:13-cv-784 (E.D. Tex.)

36. Docket, <u>Cellular Commc'ns Equip. LLC v. HTC Corp., et al.</u>, No.6:13-cv-507 (E.D. Tex.)

37. Docket, <u>Cellular Commc'ns Equip. LLC v. LG Elecs., Inc., et al.</u>, No.6:13-cv-508 (E.D. Tex.)

38. Docket, <u>Cellular Commc'ns Equip. LLC v. Pantech Co., Ltd., et al.</u>, No.6:13-cv-509 (E.D. Tex.)

39. Docket, <u>Cellular Commc'ns Equip. LLC v. BlackBerry, Ltd., et al.</u>, No.6:13-cv-510 (E.D. Tex.)

40. Docket, <u>Cellular Commc'ns Equip. LLC v. ZTE Corp., et al.</u>, No.6:13-cv-511 (E.D. Tex.)

41. Docket, <u>Cellular Commc'ns Equip. LLC v. Amazon.com, Inc., et al.</u>, No.6:13-cv-568 (E.D. Tex.)

42. Docket, <u>Cellular Commc'ns Equip. LLC v. Dell, Inc.</u>, No.6:13-cv-569 (E.D. Tex.)

43. Docket, <u>Cellular Commc'ns Equip. LLC v. NEC CASIO Mobile Commc'ns, Ltd., et al.</u>, No.6:13-cv-584 (E.D. Tex.)

44. Docket, <u>Cellular Commc'ns Equip. LLC v. Apple, Inc.</u>, No.6:14-cv-31 (E.D. Tex.)

45. Acacia Research Corp., Annual Report (Form 10-K), Item 1 (Feb. 28, 2013).

46. Microsoft Corp., Annual Report (Form 10-K), Ex. 21 (Jun. 30, 2013).

47. Blackstone Group, LP, Annual Report (Form 10-K), Ex. 21.1 (Mar. 1, 2013).

48. Siemens Aktiengesellschaft, Annual Report (Form 20-F), Ex. 8.1 (Nov. 27, 2013).

## IV. CONCLUSION

For the foregoing reasons, Defendant Acacia respectfully requests the Court take judicial notice of the documents described above.

Dated: January 21, 2014

| STRADLING, YOCCA, CARLSON, & RAUTH, P.C. | HERRICK, FEINSTEIN LLP |
|---|---|
| s/ Marc J. Schneider<br>Marc J. Schneider<br>Travis P. Brennan (admitted *pro hac vice*)<br>Bradley E. Marrett (admitted *pro hac vice*)<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, CA  92660<br>Telephone:  (949) 725-4000<br>Facsimile:  (949) 725-4100<br>mschneider@sycr.com<br>tbrennan@sycr.com<br>bmarrett@sycr.com<br><br>Attorneys for Defendant<br>Acacia Research Corporation | s/ Scott E. Mollen<br>Scott E. Mollen<br>Steven D. Feldman<br>2 Park Avenue<br>New York, New York 10016<br>Tel:  (212) 592-1400<br>Fax:  (212) 592-1500<br>smollen@herrick.com<br>sfeldman@herrick.com<br><br>Attorneys for Defendant<br>Acacia Research Corporation |

## CERTIFICATE OF SERVICE

I certify that on January 21, 2014, the foregoing document(s):

ACACIA RESEARCH CORPORATION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS MICROSOFT CORPORATION'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

was/were served on all parties or their counsel of record through the CM/ECF system.

s/ Marc J. Schneider
Marc J. Schneider