UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |
|---|---|
| MICROSOFT CORPORATION, | 13 Civ. 8275 (PAC) |
| Plaintiff, | |
| v. | |
| ACACIA RESEARCH CORPORATION, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DEFENDANT ACACIA RESEARCH CORPORATION'S ANSWER TO**

**PLAINTIFF'S COMPLAINT**

Defendant ACACIA RESEARCH CORPORATION ("Acacia") hereby files its

Answer to Microsoft Corporation's ("Plaintiff" or "Microsoft") Complaint.

<u>**COMMON ALLEGATIONS, JURISDICTION AND VENUE**</u>

1.      Defendant admits that Plaintiff filed a civil action that purports to allege

claims of breach of contract, abuse of process, and declaratory relief.

2.      Defendant admits that Microsoft and Acacia entered into an agreement in

September 2010 and that the agreement terminated on September 30, 2013.  Defendant

also admits that seven separate lawsuits were filed against Microsoft on October 1, 2013.

Defendant denies the remainder of the allegations in Paragraph 2.

3.      Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 3, and therefore denies each such allegation.

4.      Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 4, and therefore denies each such allegation.

5.      Defendant admits that Acacia is a Delaware corporation with its principal place of business in Newport Beach, California.

6.      Defendant admits that its business involves licensing patent rights to various entities, including corporations.  Defendant denies the remainder of the allegations.

7.      Admit.

8.      Defendant admits that its business involves licensing patents and enforcing patent rights through litigation.  Defendant denies the remainder of the allegations in Paragraph 8.

9.      Admit.

10.     Deny.

**The September 30, 2010 Contract**

11.     Defendant admits that Microsoft and Acacia signed an agreement titled "Amended and Restated Confidential Option Agreement" ("Option Agreement") on September 30, 2010.  Defendant further admits that Microsoft paid $22.5 million to exercise its option under the agreement titled the "Portfolio License and Covenant-Not-To-Sue Addendum" ("License and Covenant Addendum") (collectively, the "Contract"). Defendant admits that a copy of the Contract is attached as Exhibit 1 to the Complaint. The Contract speaks for itself.  Defendant denies the remainder of the allegations in Paragraph 11.

12.     Deny.  The Contract speaks for itself.

13.     Deny.  The Contract speaks for itself.

14.     Deny.  The Contract speaks for itself.

15.     Deny.  The Contract speaks for itself.

16.     Defendant admits that seven separate lawsuits were filed against Microsoft on October 1, 2013.  Defendant denies the remainder of the allegations in Paragraph 16.

17.    Defendant admits that the cases listed in Paragraph 17 involve Acacia subsidiaries or affiliates.  Defendant denies the remainder of the allegations in Paragraph 17.

18.    Deny.

19.    Deny.

20.    Deny.

21.    Deny.

22.    Deny.

23.    Defendant admits that the plaintiffs in the other actions are Affiliates of Acacia as the term is defined in the Contract.  Defendant further admits that it is the sole member of Acacia Research Group, LLC.  Defendant denies the remainder of the allegations in Paragraph 23.

24.    Deny.

**Jurisdiction and Venue**

25.    Defendant admits that the parties to this action are citizens of different states.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations.

26.    Deny.

27.    Defendant denies that this is the most convenient or proper forum because Plaintiff's claims are compulsory counterclaims and/or defenses that should be raised and adjudicated in the other actions.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies the remaining allegations in Paragraph 27.

28.    Defendant admits that the Contract contains a choice of law and choice of forum clause.  Defendant denies that the clause is applicable in this case.

## COUNT ONE
## BREACH OF CONTRACT

29.     Defendant incorporates and restates its answers to the allegations of Paragraphs 1-28 in this paragraph.

30.     Defendant admits that Acacia and Microsoft are parties to the Contract. Defendant lacks sufficient information at this time to form a belief as to the truth of the remainder of the allegations in Paragraph 30, and on that basis denies the remainder of the allegations in Paragraph 30.

31.     Deny.

        a.   Deny.  The Contract speaks for itself.

        b.   Deny.  The Contract speaks for itself.

        c.   Deny.  The Contract speaks for itself.

        d.   Deny.  The Contract speaks for itself.

        e.   Deny.  The Contract speaks for itself.

32.     Deny

33.     Deny.

34.     Deny.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Defendant admits that the language quoted by the Complaint is from the Contract.  Defendant denies the remainder of the allegations in Paragraph 39.

## COUNT TWO
## ABUSE OF PROCESS

40.     Defendant incorporates and restates its answers to the allegations in Paragraphs 1-39 in this paragraph.

41.     Deny.

42.    Deny.

43.    Defendant admits that there are other lawsuits seeking injunctive relief from Microsoft's willful infringement of patents owned or controlled by subsidiaries or affiliates of Acacia.  Defendant denies the remainder of the allegations in Paragraph 43.

44.    Defendant admits that there are other lawsuits in which Microsoft is accused of willfully infringing patents owned or controlled by subsidiaries or affiliates of Acacia.  Defendant denies the remainder of the allegations in Paragraph 44.

45.    Defendant admits that there are other lawsuits seeking injunctive and monetary relief from Microsoft's willful infringement of patents owned or controlled by subsidiaries or affiliates of Acacia.  Acacia also admits that those lawsuits have commenced in different judicial districts.  Defendant denies the remainder of the allegations in Paragraph 45.

46.    Deny.

47.    Deny.

## <u>COUNT THREE</u><br><u>DECLARATION OF RIGHTS</u>

48.    Defendant incorporates and restates its answers to the allegations in Paragraphs 1-47 in this paragraph.

49.    Defendant admits that there is a dispute between Acacia and Microsoft regarding the Contract.

50.    Deny.

51.    Deny.

    a.   Deny. The Contract speaks for itself.

    b.   Deny. The Contract speaks for itself.

    c.   Deny. The Contract speaks for itself.

d.  Deny. The Contract speaks for itself.

e.  Deny. The Contract speaks for itself.

f.  Deny. The Contract speaks for itself.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

## JURY DEMAND

**Defendant demands that the matter be tried before a jury.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, while reserving its right to assert all other applicable defenses as this action proceeds, hereby asserts, on information and belief, the following separate affirmative and other defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Defendant alleges that Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Compulsory Counterclaims)

Defendant alleges that Plaintiff's claims are compulsory counterclaims in the underlying patent infringement actions and must be asserted in those actions.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(No Damages)

Defendant alleges that Plaintiff's claims are barred because Plaintiff was not cognizably harmed by any act or omission of Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Defendant's Performance)

Defendant alleges that Plaintiff's claims are barred by Defendant's performance of all material obligations required by the Contract.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendant alleges that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

(No Causation)

Defendant alleges that Plaintiff's claims are barred in whole or in part because any harm suffered by Plaintiff was not caused by Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Justification/Privilege)

Defendant alleges that any act or omission claimed by Plaintiff was justified and/or privileged.

## TENTH AFFIRMATIVE DEFENSE

(Excuse)

Defendant alleges that it was excused expressly, impliedly, or by operation of law

from performing the obligations upon which Plaintiff's claims are based.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant alleges that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to act reasonably and to mitigate its claimed damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that Plaintiff's claims are barred in whole or in part because Defendant acted in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Prior Breach)

Defendant alleges that Plaintiff's claims are barred in whole or in part because any failure of defendant to perform the terms of the Contract were excused by Plaintiff's breach of the terms of the Contract.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

The allegations in the Complaint are uncertain and ambiguous.  Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  Defendant further reserves the right to amend this answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines through the course of subsequent discovery are not applicable.

## PRAYER

WHEREFORE, Defendant Acacia prays as follows:

A.      That the Court dismiss the Complaint in its entirety and enter judgment in its favor;

B.      That Plaintiff take nothing on its Complaint;

C.      For costs of responding to and defending against the allegations contained in the

Complaint, including attorneys' fees, to the extent available; and

D.        For such other relief as the Court deems just and proper.


Dated:  May 12, 2014                    STRADLING, YOCCA, CARLSON, & RAUTH, P.C.

                                        Marc J. Schneider
                                        STRADLING, YOCCA, CARLSON, & RAUTH, P.C.
                                        660 Newport Center Drive, Suite 1600
                                        Newport Beach, CA  92660
                                        Telephone:  (949) 725-4000
                                        Facsimile:  (949) 725-4100
                                        mschneider@sycr.com


                                        HERRICK, FEINSTEIN LLP

                                        __s/ Steven D. Feldman_____
                                        Scott E. Mollen
                                        Steven D. Feldman
                                        HERRICK, FEINSTEIN LLP
                                        2 Park Avenue
                                        New York, N.Y.  10016
                                        Telephone:  (212) 592-1420
                                        Facsimile:  (212) 545-2311
                                        sfeldman@herrick.com

                                        Attorneys for Defendant Acacia Research Corporation

## CERTIFICATE OF SERVICE

I certify that on May 12, 2014, the foregoing document(s):

**DEFENDANT ACACIA RESEARCH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

was/were served on all parties or their counsel of record through the CM/ECF system.


s/ Steven D. Feldman
Steven D. Feldman