

1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**ANDREW J. LEVANDER**

andrew.levander@dechert.com
+1 212 698 3683  Direct
+1 212 698 0483  Fax

December 10, 2014

**BY ECF**

The Honorable Paul A. Crotty
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York  10007

Re:  *Microsoft Corp. v. Acacia Research Corp.*, No. 13 Civ. 8275 (PAC)

Dear Judge Crotty:

Plaintiff Microsoft Corporation ("Microsoft") respectfully requests an extension of the December 15, 2014 fact discovery deadline in order for Microsoft to complete necessary discovery.  This extension is required because Defendant Acacia Research Corporation ("ARC") and the third parties represented by ARC's counsel have not yet produced the documents withheld on the basis of a claimed "common interest" as required by this Court's November 17, 2014 Order (Dkt. No. 113).

On November 17, 2014, the Court granted Microsoft's motion to compel the production of documents that had been withheld by ARC and the third parties from whom it acquired patent rights on grounds of a claimed common interest.  Neither ARC nor the third parties has produced these documents.  Instead, on November 25, eight days after it had been ordered to produce the relevant documents, ARC submitted a letter requesting a stay.  The Court denied that request on December 3.  On December 5—eighteen days after the order compelling production—ARC filed a petition for a writ of mandamus in the Second Circuit challenging the Court's Order, along with a motion for a stay.

Microsoft intends to oppose ARC's stay motion in the Second Circuit.  However, as the Court is aware from prior submissions, Microsoft has outstanding notices of deposition to third parties represented by Stradling, as well as two third parties represented by other counsel.  *See* Dkt. No. 80.  Fact discovery in this case closes on December 15.  Documents relevant to these depositions are among those that ARC and the third parties have failed to produce.  Those documents, once produced, may also justify additional



The Honorable Paul A. Crotty
December 10, 2014
Page 2

discovery from ARC. ARC's decision not to comply with the Order, and its lack of diligence in pursuing other relief, thus risk prejudicing Microsoft's ability to obtain discovery to which it is entitled. In light of ARC's delay in producing documents, completion of necessary depositions by December 15 would be impossible even if the documents were produced immediately.

The parties met and conferred on December 9, 2014. Microsoft reaffirmed its position that the documents should have been produced already and should be produced without any further delay. The Stradling firm represented that its clients did not intend to comply with the Order, and instead intended to wait to see what action the Second Circuit may take. However, counsel stated that ARC would not oppose Microsoft seeking an extension to take necessary discovery. The extension of the fact discovery deadline would apply only to the additional discovery to be taken by Microsoft as described above, not to any additional discovery by ARC.[1]

Accordingly, Microsoft respectfully requests an extension of the fact discovery period for Microsoft to take necessary discovery to the earlier of (1) 45 days after the completion of ARC's and the third parties' production of documents as required by the Court's November 17 Order; or (2) 45 days after any decision by the Second Circuit on ARC's petition for a writ of mandamus if that decision excuses the production of the covered documents. All other deadlines in the case management order would be suspended until a date certain is set for the completion of fact discovery. This is the third request to extend the fact discovery deadline, and the Court has granted the previous two requests. A proposed revised scheduling order is submitted with this letter.

---

[1] Because of scheduling constraints on both sides, three depositions of Microsoft employees that were initially scheduled to take place before the close of discovery have had to be rescheduled, and the parties intend to seek leave to hold them after December 15. A proposed extension to allow for those depositions to take place is the subject of a separate, joint submission from the parties.



The Honorable Paul A. Crotty
December 10, 2014
Page 3

Respectfully submitted,

*/s/ Andrew J. Levander*

Andrew J. Levander

cc: All Counsel of Record